Ryan P. Atkinson (Utah Bar #10673)
Scarlet R. Smith (Utah Bar #15024)
Davis P. Pope (Utah Bar #18076)
STRONG & HANNI, P.C.
102 South 200 East, Suite 800
Salt Lake City, Utah 84111
Telephone: (801) 532-7080
Facsimile: (801) 596-1508
ratkinson@strongandhanni.com
ssmith@strongandhanni.com
dpope@strongandhanni.com
*Attorneys for Defendant United States Soccer Federation, Inc.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JEFFREY DEWSNUP, an individual<br><br>Plaintiff,<br><br>vs.<br><br>UTAH SOCCER STADIUM OWNER, LLC dba REAL SALT LAKE; MAJOR LEAGUE SOCCER, LLC; UNITED STATES SOCCER FEDERATION, INC.; IGNACIO HERNANDEZ; AARON HERRERA; DAVID OCHOA; TATE SCHMITT; and JUSTIN GLAD.<br><br>Defendants. | DEFENDANT UNITED STATES SOCCER FEDERATION'S MOTION FOR LEAVE TO FILE OVERLENGTH REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT<br><br>Case No. 2:26-cv-00577–RJS-DAO<br><br>Judge Robert J. Shelby<br>Magistrate Daphne A. Oberg |

Defendant United States Soccer Federation, Inc. ("USSF") respectfully moves the Court, pursuant to DUCivR 7-1(a)(7), for leave to file an overlength Reply in support of its Motion to Dismiss Plaintiff's Complaint (ECF No. 35) (the "Motion"). USSF requests four additional pages, for a Reply not to exceed fourteen (14) pages.

## STATEMENT OF GOOD CAUSE AND PAGES NEEDED

Under DUCivR 7-1(a)(4)(A)(ii), a reply in support of a motion filed under Fed. R. Civ. P. 12(b) may not exceed 10 pages or 3,100 words. USSF's Reply is fourteen pages and 4,008 words. USSF therefore seeks leave to exceed the default limit by four pages.

Good cause exists for three reasons.

First, the Motion presents two independent grounds for dismissal, and the Opposition (ECF No. 43) contests both. USSF moved to dismiss for lack of personal jurisdiction under Rule 12(b)(2) and, in the alternative, for failure to state a claim under Rule 12(b)(6). Consolidating both grounds in a single motion and a single reply, rather than filing separately, conserves the Court's and the parties' resources. It also means that one reply must do the work of two.

Second, specific personal jurisdiction is a fact-intensive inquiry that must be conducted contact by contact. The claims must arise out of or relate to the defendant's own alleged suit-related conduct in the forum, and each asserted contact must be measured separately against that standard. The Opposition identifies six distinct categories of alleged Utah contacts: USSF's national safety policies; its sanctioning of the Utah Soccer Federation and of camps and coaching in Utah; Plaintiff's player registration and his Standard Player Agreement; his participation in USSF national-team programs; the institutional membership of Major League Soccer and Real Salt Lake in USSF; and fifteen USSF "network employees" who reside in Utah. Each rests on a different factual predicate, and a generalized response to all six would not permit the Court to evaluate any of them. The Opposition also advances, for the first time, a factual theory the Complaint never pleads—that Plaintiff was a "registered member" of USSF and "in privity of contract" with it—and supports that theory with exhibits. Answering an unpleaded theory requires USSF to address both the allegations actually pleaded and the new material offered outside them.

Third, USSF seeks to respond to each argument the Opposition raises rather than leave any unaddressed. Arguments a party fails to address may be treated as abandoned or conceded. The additional pages allow USSF to answer the Opposition in full without omitting a response to any argument Plaintiff has made.

The request is modest. USSF has kept the Reply as concise as the issues allow, and it will include a table of contents and authorities. USSF respectfully requests that the Court enter an order granting leave to file its Reply, not to exceed fourteen pages.

DATED this 13 day of September 2026.

STRONG & HANNI

*/s/ Scarlet R. Smith*

______________________________
Ryan P. Atkinson
Scarlet R. Smith
Davis P. Pope
*Attorneys for Defendant United* States Soccer Federation, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13 day of September 2026, a copy of the foregoing DEFENDANT UNITED STATES SOCCER FEDERATION'S MOTION FOR LEAVE TO FILE OVERLENGTH REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT was served by the method indicated below, to the following:

Brian K. Jackson, Esq.
Brian K. Jackson LLC
503 W. 2600 S. Suite 200
Bountiful, Utah 84010
brianj@bjacksonlaw.com
*Attorney for Plaintiff*

(X) Electronic Filing
( ) U. S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Email

Michael S. Anderson
Carissa A. Uresk
Parr Brown Gee & Loveless, P.C.
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
manderson@parrbrown.com
curesk@parrbrown.com

(X) Electronic Filing
( ) U. S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Email

Desirée F. Moore
Nelson M. Hua
Venable LLP
227 West Monroe Street, Suite 1900
Chicago, Illinois 60606
dmoore@venable.com
nmhua@venable.com
*Attorneys for Defendant Utah Soccer Stadium Owner LLC dba Real Salt Lake, Utah Soccer, LLC dba Real Salt Lake, and Ignacio Hernandez*

(X) Electronic Filing
( ) U. S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Email

Ethan D. Thomas
LITTLER MENDELSON, P.C.
222 Main Street, 5th Floor
Salt Lake City, UT 84101
edthomas@littler.com

(X) Electronic Filing
( ) U. S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Email

Daniel L. Nash
Nathan J. Oleson
Amanda S. McGinn
LITTLER MENDELSON, P.C.
815 Connecticut Ave NW, Suite 400
Washington, DC 20006
*Attorneys for Defendant Major League Soccer, L.L.C.*

(X) Electronic Filing
( ) U. S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Email

*/s/Davis P. Pope*