UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JEFFREY DEWSNUP,<br><br>Plaintiff,<br><br>v.<br><br>UTAH SOCCER STADIUM OWNER, LLC dba Real Salt Lake, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. NO. 44)**<br><br>Case No. 2:26-cv-00577<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

When the United States Soccer Federation, Inc., filed a motion for extension[1] of time to respond to Jeffrey Dewsnup's complaint, the court granted it without giving Mr. Dewsnup an opportunity to respond.[2] Mr. Dewsnup now asks the court to reconsider and vacate its order.[3] He also asks the court to deem USSF's motion to dismiss[4] (filed within the new deadline) untimely, and to enter a default certificate against USSF.

As Mr. Dewsnup notes, USSF filed its motion for an extension after its deadline to respond to the complaint had passed.[5] Mr. Dewsnup contends the court should not

---

[1] (Mot. to Extend Resp. Deadline, Doc. No. 33.)

[2] (Doc. Text Order, Doc. No. 34.)

[3] (Mot. for Reconsideration and to Vacate ("Mot."), Doc. No. 44.)

[4] (Mot. to Dismiss, Doc. No. 35.)

[5] (Mot., Doc. No. 44 at 3.)

have granted an unstipulated extension without giving him an opportunity to respond.[6] He also argues, to grant the motion, the court had to make a finding of excusable neglect.[7] Because the court granted the motion without a response and without an explicit "excusable neglect" finding, Mr. Dewsnup asks that the order be vacated, among other things.[8] Alternatively, Mr. Dewsnup asks the court to let him respond to USSF's extension request or to update its order with a finding.[9] USSF opposes the motion.[10]

Mr. Dewsnup's motion is granted in part and denied in part: the court reconsiders USSF's motion for extension based on the parties' briefing but denies the request to vacate the order along with the other requests for relief.

**A. Reconsideration**

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'"[11] However, under Rule 54, district courts "generally remain free to reconsider" any interlocutory order adjudicating fewer than all claims.[12] And "the court

---

[6] (*Id.* at 4–6.)

[7] (*Id.*)

[8] (*Id.* at 8.)

[9] (*Id.*)

[10] (Opp'n to Mot. for Reconsideration ("Opp'n"), Doc. No. 49.)

[11] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[12] *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007); *see also* Fed. R. Civ. P. 54(b) (permitting courts to revise orders "at any time before the entry of a judgment adjudicating all the claims").

has broad discretion in how it considers a motion for reconsideration of an interlocutory order."[13] Put simply, "a district court can use whatever standard it wants to review a motion to reconsider an interlocutory order."[14] Where Mr. Dewsnup did not have the chance to oppose the extension motion, the court exercises its discretion to reconsider USSF's motion.

**B. Vacatur**

The court reconsiders USSF's motion for extension based on the parties' extensive briefing.[15] Mr. Dewsnup's motion to vacate the extension, request to deem the motion to dismiss untimely, and request for entry of a default certificate are all denied. USSF acted with excusable neglect in missing the deadline.

Courts can extend deadlines where a "party failed to act because of excusable neglect."[16] Courts consider four factors: (1) "the danger of prejudice to the non-moving party," (2) "the length of the delay and its potential impact on judicial proceedings," (3)

---

[13] *Sunwest Bank v. Gannett Co.*, No. 2:24-cv-00876, 2026 U.S. Dist. LEXIS 101532 at *5 (D. Utah May 6, 2026) (unpublished) (citing *Luo v. Wang*, 71 F.4th 1289, 1298–99 (10th Cir. 2023)).

[14] *Id.* at *6 (citing *Anderson Living Trust v. WPX Energy Prod., LLC*, 308 F.R.D. 410, 433 (D.N.M. 2015).

[15] Mr. Dewsnup filed an eight-page motion and a ten-page reply. (*See* Mot., Doc. No. 44; Reply, Doc. No. 57.) And USSF filed a ten-page response. (*See* Opp'n, Doc. No. 49.) Considering that the dispute relates to a three-week extension, the issues have been sufficiently vetted. Mr. Dewsnup's request for an additional response to the extension motion is denied in view of the extensive briefing on this issue.

[16] Fed. R. Civ. P. 6(b)(1)(B).

"the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith."[17]

In his motion, Mr. Dewsnup implicitly acknowledges the lack of prejudice to him, arguing the court should not "[treat] the absence of prejudice as dispositive."[18] But in his reply, he asserts he suffered prejudice by having to litigate the extension motion and not being able to move for default.[19] Any prejudice to Mr. Dewsnup from contesting the extension is minimal. And he did not lose the "ordinary procedural consequence" of seeking an entry of default against USSF.[20] According to Mr. Dewsnup, USSF waited until two weeks after the deadline to contact him about an extension.[21] And after Mr. Dewsnup refused to agree to an extension, USSF waited eight more days before filing its motion.[22] Mr. Dewsnup could have moved for a default certificate at any point during this period but chose not to—even after USSF called his attention to its failure to respond to the complaint. Any prejudice to Mr. Dewsnup is minimal.

The length of the delay and its impact on the judicial proceedings is also minimal. It is true USSF filed its motion to dismiss more than a month after it initially should have.

---

[17] *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) (brackets omitted) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

[18] (Mot., Doc. No. 44 at 7)

[19] (Reply, Doc. No. 57 at 5–6.)

[20] (*See id.*)

[21] (*See id.* at 4.)

[22] (*See id.*)

But this matter involves multiple defendants. Three motions to dismiss are pending.[23] And the parties fully briefed USSF's motion to dismiss before others were fully briefed.[24] In other words, USSF's extension and motion to dismiss have not impacted the timing of the proceedings as a whole.

The most important factor to consider is USSF's reason for the delay, and it weighs in favor of an excusable neglect finding in these circumstances.[25] In its motion to extend, USSF noted it neglected to separately calendar the deadline.[26] Calendaring issues are not necessarily sufficient reasons to find excusable neglect.[27] But courts "take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay), and whether the attorney attempted to correct his action promptly after discovering the mistake.'"[28] The circumstances here

---

[23] (Doc. Nos. 16, 18 & 35.)

[24] (*See* Reply, Doc. No. 54 (concluding briefing four days after USSF); Reply, Doc. No. 56 (same).)

[25] *Perez*, 847 F.3d at 1253.

[26] (Mot. to Extend Resp. Deadline, Doc. No. 33.)

[27] *See, e.g.*, *Lopez v. Cantex Health Care Centers II, LLC*, No. 23-2038, 2023 U.S. App. LEXIS 29606, at *6–10 (10th Cir. Nov. 7, 2023) (unpublished) (affirming the district court's holding on an abuse of discretion review that incorrectly calendaring a deadline was not excusable neglect).

[28] *Miller v. Power*, No. 2:20-CV-00210, 2023 U.S. Dist. LEXIS 190374, at *7 (D. Utah Oct. 23, 2023) (unpublished) (holding a plaintiff acted with excusable neglect under Rule 6(b)(1)(B) for missing a deadline due to a calendaring issue (quoting *Jennings v. Rivers*, 394 F.3d 857 (10th Cir. 2005))); *see also Perez,* 847 F.3d at 1253 (noting that had counsel's calendaring error been an isolated incident, it may be an abuse of discretion to find no excusable neglect).

indicate this is a one-time incident, stemming from a complex case involving multiple parties, motions, and deadlines. And USSF initiated contact regarding its overdue response, without prompting from the court or Mr. Dewsnup.[29] This does not diminish the gravity of USSF's mistake. But where the circumstances show this is a one-time incident, the impact of this factor is minimized.

Mr. Dewsnup does not argue USSF acted in bad faith. And USSF promptly took corrective measures upon realizing it missed the response deadline.[30] Accordingly, this factor weighs in favor of finding excusable neglect.

It is important to note the significant impact vacating the extension and entering default would have on this case: it would impede a decision on the merits. In similar circumstances, in *RMA Ventures v. SunAmerica Life Insurance*, [31] the court found excusable neglect. There, a plaintiff neglected to oppose a summary judgment motion until nearly two weeks after the deadline expired because of a "calendaring error."[32] Instead of striking the plaintiff's untimely opposition, the court addressed the merits of the fully briefed motion for summary judgment.[33] Here, the delay and pendency of a fully briefed dispositive motion are similar. The court is primed to address three fully

---

[29] (*See* Reply, Doc. No 57 at 4.)

[30] (Opp'n, Doc. No. 49 at 2 (describing two instances USSF contacted Mr. Dewsnup about the expired deadline and requested a stipulated extension).)

[31] No. 2:03-CV-740, 2007 U.S. Dist. LEXIS 86692 (D. Utah Nov. 26, 2007) (unpublished).

[32] *Id.* at *5–6.

[33] *Id.* at *7.

briefed dispositive motions. And "[t]he preferred disposition of any case is upon its merits and not by default judgment."[34] Considering the posture of the case and the excusable neglect factors, the court finds USSF acted with excusable neglect under Rule 6(b)(1)(B).

Where USSF acted with excusable neglect when it failed to timely respond to the complaint, the court denies Mr. Dewsnup's requests to vacate the extension, find the motion to dismiss untimely, and enter a default certificate against USSF.

**CONCLUSION**

Mr. Dewsnup has not demonstrated vacatur of the court's order[35] is warranted. Although Mr. Dewsnup's motion[36] is granted to the extent he requested reconsideration, the relief he seeks is denied.

DATED this 8th day of October, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

[34] *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

[35] (Doc. Text Order, Doc. No. 34.)

[36] (Mot., Doc. No. 44.)